IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF OREGON

JORGE PUIG-PEREZ and RAIDEL
GOMEZ ACOSTA, individuals,

          Plaintiffs,

    v.

ANDREW BIDEMA, an individual,
LEJR CONSTRUCTION, LLC, an
Oregon limited liability company,
STANLEE CONSTRUCTION, LLC,
an Oregon limited liability company,
and POWER CONSTRUCTION, LLC,
an Oregon limited liability company,

          Defendants.

Case No. 3:19-cv-00197-JR

ORDER

RUSSO, Magistrate Judge:

    Plaintiffs Jorge Puig-Perez and Raidel Gomez Acosta initiated this action against defendants Andrew Bidema, LEJR Construction, LLC ("LEJR"), Stanlee Construction, LLC ("Stanlee"), and Power Construction, LLC ("Power"). LEJR and Power were subsequently dismissed from this case and a default judgment was entered against the remaining two defendants. Plaintiffs now move for an award of attorney fees in the amount of $24,408.33 and costs in the amount of $788.88. For the reasons set forth below, plaintiffs' motion is granted in part, in that fees and costs are awarded in the reduced sums of $19,083.10 and $715, respectively.

Page 1 – ORDER

## BACKGROUND

On February 8, 2019, plaintiffs filed a complaint in this Court asserting claims under the Fair Labor Standards Act and state statutory and common law. On June 5, 2019, the Court granted plaintiffs' motion for entry of default against Bidema, Stanlee, and Power based on their failure to timely answer or otherwise respond to the complaint. Thereafter, the case was stayed to allow plaintiffs the opportunity to litigate their claims against LEJR. On February 7, 2020, LEJR was dismissed as a party to this action pursuant to the parties' stipulated motion. On April 22, 2020, the Court granted plaintiffs' motion to dismiss Power. That same day, a default judgment was entered against Bidema and Stanlee. On May 6, 2020, plaintiffs filed the present motion for attorney fees and costs.

## STANDARD

Pursuant to the prevailing party's motion, the court may award reasonable attorney fees and costs. Fed. R. Civ. P. 54(d); LR 54. In determining a reasonable attorney fee, the court employs the lodestar method by first multiplying "the number of hours the prevailing party reasonably expended on litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996) (as amended). The court then considers whether it is necessary to adjust the presumptively reasonable lodestar figure considering the twelve factors articulated in Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975). Id.

The court is required to ensure an award's reasonableness, irrespective of any opposition from the non-prevailing party. Gates v. Deukmejian, 978 F.2d 1392, 1400-02 (9th Cir. 1992); see also Corder v. Gates, 947 F.2d 374, 378 n.3 (9th Cir. 1991) ("the reasonable fee, as calculated by the district court, may fall short of the actual fee that the plaintiff's lawyer charges") (citation and internal quotations omitted). "[C]onsiderable discretion [is vested in the court] in determining what

attorney's fee is reasonable." Webb v. Ada Cnty., Idaho, 195 F.3d 524, 526-27 (9th Cir. 1999).

## DISCUSSION

It is undisputed that plaintiffs are the prevailing party and therefore entitled to attorney fees pursuant to federal and state wage laws. See, e.g., 29 U.S.C. § 216(b); Or. Rev. Stat. § 653.055(4). Accordingly, the primary issue before the Court is the reasonableness of the requested rates and hours.

## I.   Reasonableness of the Requested Rates

Plaintiffs request the following hourly rates for the three attorneys who worked on this matter: $550 for D. Michael Dale, who has over 45 years of experience; $400 for Corinna Spencer-Scheurich, who has 14 years of experience; and $250 for Mayra Ledesma, who has almost two years of experience. Ledesma Decl. ¶¶ 3, 9, 12, 19, 22, 25 (doc. 42).

A reasonable rate for legal services is "calculated according to the prevailing market rates in the relevant community." McElmurry v. U.S. Bank Nat'l Ass'n, 2008 WL 1925119, *3 (D. Or. Apr. 30, 2008) (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)). "This District considers the most recent Oregon State Bar Economic Survey. . . as its initial benchmark in determining whether hourly billing rates are reasonable." Prison Legal News v. Umatilla Cnty., 2013 WL 2156471, *4 (D. Or. May 16, 2013) (citations and internal quotations omitted). "If the rate requested exceeds the average rate reported in the OSB Survey, the burden is on the prevailing party to justify that higher rate." Id. (citation omitted).

The relevant Portland rates from the most recent Oregon State Bar Economic Survey are as follows:

| Years of Experience | Mean | Median | 75th Percentile |
|---|---|---|---|
| 0-3 Years | $236 | $235 | $250 |
| 13-15 Years | $288 | $300 | $375 |
| Over 30 Years | $413 | $425 | $495 |

OSB Survey 38-40; Pls.' Mot. Att'y Fees & Costs 4-5 (doc. 41).[1]

Thus, the rates that counsel seeks are significantly higher than average for attorneys with commensurate experience; in some instances, the rates exceed the 75th percentile. In order to justify these higher rates, plaintiffs submitted a declaration from one of their own attorneys expounding upon counsels' respective skills, experience, and expertise. Specifically, Ms. Ledesma cites the fact that counsel are fluent in Spanish and specialize in employment and/or labor law. Ledesma Decl. ¶¶ 3-28 (doc. 42). Moreover, plaintiffs argue that higher rates are proper because representing low-income clients "who are not familiar with the laws or legal processes of the United States [and] who do not speak English . . . is much more time consuming than an average case." Id. at ¶ 29.

Despite this evidence, the Court finds that counsel failed to adequately justify their increased rates. The Court recognizes that Mr. Dale and Ms. Spencer-Scheurich have significant experience in the realm of workers' rights litigation, a specialized area of the law. The Court also recognizes the importance of encouraging lawyers to take on such cases, which can be time consuming. Nonetheless, because this case pended on the docket for only four months before default was entered against Bidema and Stanlee, and plaintiffs independently resolved their claims with LEJR and Power, the Court is skeptical of the justification for the enhanced rate. Indeed, at

---

[1] Because every page of plaintiffs' motion is labeled "Page 6," the Court refers to the page numbers assigned in the docket when citing thereto.

the time judgment was entered, the posture of this case was relatively straightforward; the only substantive filings from plaintiffs were their complaint and default-related documents. In sum, because this case was resolved before any litigation on the merits or significant discovery, the specialization and experience of plaintiffs' counsel is not a considerable factor.

The Court therefore finds that higher-than-average rates are not appropriate. See Prison Legal News, 2013 WL 2156471 at *5-6 (awarding the average rate, despite the expertise of counsel, where case settled in its early stages and the parties had engaged in only minimal discovery); see also Moreno v. City of Sacramento, 534 F.3d 1106, 1115-16 (9th Cir. 2008) ("[t]he district court may properly use the simplicity of a given task . . . as justification for a reduction in the overall rate"). As a result, counsel are awarded the higher of the mean or median rate for their respective levels of experience for the purposes of calculating the lodestar amount: Mr. Dale is compensated at the rate of $425 per hour, Ms. Spencer-Scheurich is compensated at the rate of $300 per hour, and Ms. Ledesma is compensated at the rate of $236 per hour.

## II.    Reasonableness of the Hours Expended

Plaintiffs seek compensation for the following hours: 55.4 for Ms. Ledesma, 19.9 for Ms. Spencer-Scheurich, and 4.7 for Mr. Dale. Ledesma Decl. ¶¶ 8, 18, 26 (doc. 42). The Court finds that the hours requested are, for the most part, reasonable, such that only minimal reductions are warranted.

Namely, Ms. Ledesma, who had been working as a licensed attorney for less than one year at the time default was entered, spent much of the time billed essentially "learning on the job" – e.g., reviewing the Federal and Local Rules of Civil Procedure and other information about the case, emailing or conversing with Ms. Spencer-Scheurich and Mr. Dale, preparing documents, and spending significant hours engaging in the substantive legal aspects. Ledesma Decl. Exs. 1-2, 5, 7

(doc. 42). Even after making her own deductions, Ms. Ledesma still billed 7.6 hours related to the complaint, 19.4 hours related to the motion for default judgment, and 14.3 hours related to this fee petition. Ledesma Decl. Ex. 2 (doc. 42). However, Ms. Spencer-Scheurich and Mr. Dale also billed several hours for these same tasks, presumably to coordinate and supervise Ms. Ledesma's work. Ledesma Decl. Exs. 2, 5, 7 (doc. 42). The Court finds that the 41.3 hours Ms. Ledesma collectively billed for preparing the complaint, motion for default judgment, and fee petition were excessive, such that an overall reduction of these hours by 20% is appropriate and 8.3 hours are stricken from her invoice.

After taking the above-listed deduction, the Court awards 47.1 hours of Ms. Ledesma's time at $236 per hour ($11,115.60 total), 19.9 hours of Ms. Spencer-Scheurich's time at $300 per hour ($5,970 total), and 4.7 hours of Mr. Dale's time at $425 per hour ($1,997.50 total). Accordingly, a total attorney fee award of $19,083.10 is presumptively reasonable. The Court has also considered the factors outlined in Kerr and finds that no additional adjustment is necessary.

### III.    Costs

Plaintiffs seek to recover $788.88 in costs; this amount includes filing fees,[2] service fees for Bidema and Stanlee, and postage. Ledesma Decl. ¶ 30 & Ex. 9 (doc. 42). Costs are generally awarded to the prevailing party in a civil action as a matter of course. Fed. R. Civ. P. 54(d). The expenses which may be taxed as costs are enumerated in 28 U.S.C. § 1920.

Here, the first two category of costs are plainly compensable. 28 U.S.C. § 1920(1). Yet it is well-established within this District that postage fees are not recoverable in this context. See,

---

[2] The Court notes that plaintiffs only request half of their $400 filing fee "to account for the costs associated with LEJR Construction, LLC and Power Construction, LLC." Ledesma Decl. ¶ 30 & Ex. 9 (doc. 42).

e.g., Teicher v. Regence Health & Life Ins. Co., 2008 WL 5071679, *12 (D. Or. Nov. 24, 2008);

Wolfe v. City of Portland, 2013 WL 6002391, *13 (D. Or. Nov. 8, 2013).[3] Critically, § 1920 does

not expressly list postage as a category of recoverable litigation expense. See Rimini St., Inc. v.

Oracle USA, Inc., 139 S. Ct. 873, 877 (2019) (absent express statutory authority, courts may not

award litigation expenses outside of the six categories specified in § 1920). As such, the $73.88 in

postage costs are disallowed.

## CONCLUSION

Plaintiffs' Motion for Award of Attorney Fees and Costs (doc. 41) is GRANTED in part,

in that plaintiffs are awarded a total of $19,083.10 in attorney fees and $715 in costs.

IT IS SO ORDERED.

DATED this 22nd day of May, 2020.


_____/s/ Jolie A. Russo_____
Jolie A. Russo
United States Magistrate Judge

---

[3] Plaintiffs cite to Harris v. Marhoefer, 24 F.3d 16 (9th Cir. 1994), in support of the proposition that "costs not taxable under [28 U.S.C. § 1920] may nevertheless be awarded [if] they were necessary and reasonable out-of-pocket costs that would normally be charged to a fee-paying client." Pls.' Mot. Att'y Fees & Costs 6 (doc. 41). However, unlike Wolfe, Teicher, and the present case, Harris concerned expenses recoverable as attorney fees under 42 U.S.C. § 1988. Harris, 24 F.3d at 19-20.